UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| TRUSTEES OF THE DISTRICT COUNCIL NO.9 PAINTING INDUSTRY INSURANCE FUND and TRUSTEES OF THE DISTRICT COUNCIL NO. 9 PAINTING INDUSTRY ANNUITY FUND and DISTRICT COUNCIL NO. 9 INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, A.F.L.-C.I.O. | ) ) ) ) ) ) ) | |
| Petitioners, | ) ) | Index No.: |
| | ) ) | |
| | ) ) ) | **PETITION TO CONFIRM ARBITRATION AWARD** |
| -against- | ) ) | **AND SUPPORTING MEMORANDUM OF LAW** |
| A Plus Painting Inc. a/k/a A Plus Painting & Construction, | ) ) ) | |
| | ) ) | |
| Respondent. | ) | |

---

Petitioners, District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O., (the "Union") and Trustees of the District Council No. 9 Painting Industry Insurance Fund and Trustees of the District Council No. 9 Painting Industry Annuity Fund (the "Trustees") by its attorneys Barnes, Iaccarino & Shepherd LLP, petition this Court for an Order and Judgment confirming the Decision and Award of the Joint Trade Committee of the Painting and Decorating Industry (the "Joint Trade Committee), dated September 30, 2020:

## JURISDICTION AND VENUE

1.      This is a petition, pursuant to § 9 of the Federal Arbitration Act ("FAA" or § 9), 9 U.S.C. § 9, and § 301 of the Labor Management Relations Act ("LMRA" or "§ 301"), 29 U.S.C. § 185, to confirm the September 30, 2020 Decision and Award of the Joint Trade Committee of the Painting and Decorating Industry (the "Award"). (*See* Declaration of Lauren M. Kugielska

("Kugielska Decl."), Exhibit "A.") This Court has jurisdiction pursuant to § 301. Venue properly

lies in this District under LMRA § 301 and FAA § 9, and 28 U.S.C. Section 1391 (b).

## PARTIES

2.      Petitioner Union is a labor organization within the meaning of Section 301 of the

Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting

commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section

3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General

Associations Law of the State of New York. The Union's principal office is located at 45 West

14th Street, New York, NY 10011.

3.      Petitioner Trustees, are, at all relevant times, the fiduciaries of jointly administered

multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section

502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C.

Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the various

Employers pursuant to the terms of the Union's collective bargaining agreements and Trust

Indentures in accordance with Section 302(c)(5)(1) of the Taft Hartley Act (29 U.S.C. 186(c)(5)).

The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and

502(d)(1) of ERISA (29 U.S.C. Sections 1002(3) and 1132(d)(1)), and multi-employer plans

within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145).

Petitioner Trustees of the Funds are the "plan sponsor" within the meaning of Section 3(16)(B)(iii)

of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

4.      Respondent, A Plus Painting Inc. a/k/a A Plus Painting & Construction ("A Plus"

or the "Employer") is upon information and belief a corporation duly organized and existing

under the laws of New York State with its last known place of business located at P.O. Box 310,

Colonia, New Jersey, 07067 and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

## FINALITY OF THE ARBITRATION AWARD

5.    At all relevant times Respondent was a party to a collective bargaining agreement ("CBA") with the Union. (*See* Kugielska Decl., Exhibit "B.")

6.    The CBA provides for the submission of disputes to final, binding decisions of the Joint Trade Committee. (*Id.*, at Article XIII)

7.    A dispute arose when A Plus discriminated against job steward Lulezim Shehaj, pursuant to Article XIII Section 11 Violation 5 and Article IX Section 1(a) of the CBA. (*Id.*, at Article XIII Section 11 Violation 5 & Article IX Section 1(a).)

8.    Pursuant to Article XIII of the CBA, the Union filed a Demand for Arbitration with the Joint Trade Committee and served the Demand for Arbitration on Respondent. (*See* Kugielska Decl., Exhibit "B," Article XIII & Exhibit "C.") The Union served a notice on Respondent, informing A Plus that the arbitration hearing was rescheduled for September 3, 2020. (*See* Kugielska Decl., Exhibit "C.")

9.    Thereafter, the Joint Trade Committee held a hearing on September 3, 2020 and rendered the September 30, 2020 Award thereafter. (*See* Kugielska Decl., Exhibit "A.")

10.    The said Award provided that Respondent, A Plus, violated the CBA by discriminating against shop steward Lulezim Shehaj. (*Id.*.)

11.    The said Award directs Respondent, as a remedy for the aforesaid violations, as follows:

(i)    A Plus shall pay $291.90 in benefits to the Funds as contributions on behalf of Lulezim Shehaj; and

(ii)     A Plus shall pay $451.50 in wages on behalf of Lulezim Shehaj.

12.    The Award was issued on September 30, 2020 and served on Respondent. (*See* Kugielska Decl., Exhibit "D.")

13.    A demand letter was served on Respondent following its failure to comply with the Award. (*See* Kugielska Decl., Exhibit "E.")

14.    To date, Respondent has failed and refused to comply with the Award. Judgment on the Award is therefore necessary to permit the Union and the Trustees to enforce the Award.

15.    Respondent's failure to pay the total amount set forth in the Award violates the Award.

16.    The Award was made in accordance with the terms and provisions of the parties' written agreement and is in all respects proper.

17.    The Award has not been vacated, modified, or corrected as prescribed in sections 10 and 11 of the FAA and therefore should be confirmed. *See* 9 U.S.C. §§ 10, 11.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioners respectfully request an Order and Judgment granting the following relief:

(i)     confirming the Arbitration Award of the Joint Trade Committee in its entirety;

(ii)    directing A Plus to pay $291.90 in benefits to the Funds as contributions on behalf of Lulezim Shehaj;

(iii)   directing A Plus to pay $451.50 in wages on behalf of Lulezim Shehaj;

(iv)   directing judgment to be entered thereon;

(v)    and for such other and further relief as the Court may deem just and proper.

Dated: Hempstead, New York
      January 7, 2020

Lauren M. Kugielska, Esq.
Barnes, Iaccarino & Shepherd LLP
*Attorneys for Petitioners*
3 Surrey Lane
Hempstead, NY 11550
(516) 483-2990